IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHOENIX EAST II ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 22-00436-CG-N ) |
| CERTAIN UNDERWRITERS AT LLOYD'S, et al., Defendants, | ) ) ) ) |

**ORDER**

This matter is before the Court on Defendants' motion to compel arbitration and dismiss or stay (Doc. 2), Plaintiff's opposition thereto (Doc. 10), and Defendants' reply (Doc. 11). For the reasons explained below, the Court finds that Defendants' motion should be GRANTED.

Federal policy favors arbitral dispute resolution. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Congress enacted the FAA to counter widespread hostility to arbitration and encourage the recognition and enforcement of arbitration awards. *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1284 (11th Cir. 2015) (citing *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013)). In 1970, Congress amended the FAA to incorporate the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. §§ 201 *et seq*. These amendments provide for the recognition of foreign arbitration agreements and arbitral awards. 9 U.S.C. §§

201 *et seq.*

"A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met or (2) one of the Convention's affirmative defenses applies." *Cheruvoth v. SeaDream Yacht Club Inc.*, 2021 WL 4595177, at *2 (11th Cir. Oct. 6, 2021) (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005) (citations omitted). The four jurisdictional prerequisites require:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Bautista*, 396 F.3d at 1294 n.7 (citation omitted). Plaintiff states in its response to Defendants' motion that it "does not dispute that those four jurisdictional requirements are met." (Doc. 20, PageID.335). Instead, Plaintiff claims arbitration should not be compelled because of an affirmative defense.

Affirmative defenses that apply in this context include where the agreement to arbitrate is "null and void, inoperative or incapable of being performed." *Bautista*, 396 F.3d at 1301. "The null-and-void clause encompasses only those defenses grounded in standard breach-of-contract defenses—such as fraud, mistake, duress, and waiver—that can be applied neutrally before international tribunals." *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1286 (11th Cir. 2015) (citations omitted). Plaintiff states that it does not contend that the agreement to arbitrate is null and void or incapable of being performed but instead asserts that it is

2

"inoperative." (Doc. 20, PageID.335).  Plaintiff claims the arbitration clause is inoperative due to its choice of law provision.  The agreement states:

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

(Doc. 1-3, PageID.233).  Plaintiff argues that the agreement conflicts with Alabama law which provides that "[a]ll contracts of insurance, the application for which is taken in this state, shall be deemed to have been made within this state and subject to the laws thereof." ALA. CODE § 27-14-22.  Plaintiff asserts that the agreement also conflicts with Alabama law where it states that the "Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature" (Doc. 1-3, PageID.233), whereas Alabama law provides that an insurer is liable for punitive damages for bad faith refusal to adjust a claim or indemnify an insured.

However, this Court has previously found that § 27-14-22 does not override a parties' contractual choice of law. *Rockhill Ins. Co. v. Se. Cheese Corp.*, 2020 WL 1696728, at *4 (S.D. Ala. Apr. 7, 2020).  Moreover, Plaintiff's claimed defense is not the type of defense that the null-and-void clause has been found to encompass.  As stated above, those defenses are grounded in standard breach-of-contract defenses— such as fraud, mistake, duress, and waiver—that can be applied neutrally before international tribunals. A conflict regarding which state's laws apply or whether punitive damages are recoverable are not standard breach of contract defenses that can be applied neutrally before international tribunals.  A claim that the law

imposed by the choice of law clause does not provide the same rights and remedies might be considered a public-policy defense but that is not one of the traditional contract defenses applicable at this stage. *See Escobar*, 805 F.3ed at 1287. "Article II contains no explicit or implicit public-policy defense at the initial arbitration-enforcement stage" and as such, courts have found that public-policy claims such as unconscionability cannot be raised at the arbitration-enforcement stage. *Escobar*, 805 F.3d at 1287 (citation omitted).

> The FAA allows state law to invalidate an arbitration agreement, provided the law at issue governs contracts generally and not arbitration agreements specifically. *See Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686–87, 116 S.Ct. 1652, 1656, 134 L.Ed.2d 902 (1996) (stating that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements").

*Bess v. Check Express*, 294 F.3d 1298, 1306 (11th Cir. 2002). The null and void clause generally does not permit invoking the law of a U.S. state or territory to negate the application of the Convention. *See DiMercurio v. Sphere Drake Ins., PLC*, 202 F.3d 71, 80 (1st Cir. 2000). As the *DiMercurio* Court explained:

> The parochial interests of the Commonwealth [of Puerto Rico], or of any state, cannot be the measure of how the "null and void" clause is interpreted. Indeed, by acceding to and implementing the treaty, the federal government has insisted that not even the parochial interests of the nation may be the measure of interpretation. Rather, the clause must be interpreted to encompass only those situations-such as fraud, mistake, duress, and waiver-that can be applied neutrally on an international scale.

*DiMercurio*, 202 F.3d at 80 (citation omitted). "[C]hoice-of-law clauses may be enforced even if the substantive law applied in arbitration potentially provides reduced remedies (or fewer defenses) than those available under U.S. law

*Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1269 (11th Cir. 2011).

Nothing in the record suggests that the arbitration agreement was "null and void, inoperative or incapable of being performed" within the terms of Article II of the Convention.

## CONCLUSION

For the reasons stated above, Defendants' motion to compel arbitration and dismiss or stay (Doc. 2), is **GRANTED** and this case is hereby **STAYED pending arbitration.**

Beginning, **May 15, 2023** and every **90 days** thereafter, the parties are **ORDERED** to file joint status reports advising the court of the progress of arbitration.

The Clerk of Court is directed to close this file for statistical purposes.

**DONE** and **ORDERED** this 13th day of February, 2023.

/s/ Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE